IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re SUBPOENA TO RAPIDUS US, LLC, | CASE NO. 1:24-MC-0011 (DNH/CFH) <br><br> (Underlying Case Pending In U.S. District Court for the Southern District of New York, Civil Action No. 7:23-cv-3348-KMK-AEK) |
| *GlobalFoundries US, Inc.*, <br><br> Plaintiff, <br><br> v. <br><br> *International Business Machines Corp.*, <br><br> Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO TRANSFER MISCELLANEOUS CASE TO THE SOUTHERN DISTRICT OF NEW YORK**

Plaintiff GlobalFoundries US, Inc. ("GF") moves for an order transferring this miscellaneous case to the Southern District of New York pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.[1] GF has represented to Respondent Rapidus US, LLC ("Rapidus") that it intends to move the Court solely for a response to eighteen Requests for Production in its subpoena to Rapidus US, LLC, dated January 16, 2024, based on the same arguments that GF

---

[1] Pursuant to party agreement, GF and Rapidus intend to request a joint briefing schedule on GF's motion to compel compliance with the Subpoena after this miscellaneous case is transferred to the Southern District of New York or, if no transfer is granted, then in this District.

previously has raised regarding this subpoena. Rapidus, acting in reliance on that representation, does not oppose this transfer.

## I. FACTUAL BACKGROUND

In April 2023, GF sued International Business Machines Corporation ("IBM") in the Southern District of New York for trade secret misappropriation and breach of contract in connection with GF's allegations that IBM improperly disclosed GF-Controlled Trade Secrets to at least Rapidus and Intel Corporation ("Intel"). Case No. 7:23-cv-3348-KMK-AEK ("Underlying Action"). On January 16, 2024, GF served a subpoena *duces tecum* on Rapidus ("Subpoena"). Ex. 1.[2] On January 30, 2024, Rapidus served objections and responses to the Subpoena. Ex. 2.

## II. DISCUSSION

GF respectfully requests that the Court transfer this miscellaneous case to the Southern District of New York. Under Federal Rule of Civil Procedure 45(f), the Court may transfer "a motion under [Rule 45] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Transfer is appropriate for two reasons.

First, GF consents to transferring this miscellaneous case to the Southern District of New York, and Rapidus likewise consents as described above. As the subpoena recipient, Rapidus's "consent alone is sufficient for the Court to order transfer." *In re Google LLC*, No. 24-mc-80009, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024); *see also Cupersmith v. Piaker & Lyons, P.C.*, No. 14-cv-1303, 2016 WL 462570, at *3 (N.D.N.Y. Jan. 15, 2016), *report and recommendation adopted,* 2016 WL 482060 (N.D.N.Y. Feb. 5, 2016) ("Of course, that court could transfer a motion to quash or to enforce the subpoena to this court, where the underlying action is pending, with

---

[2] GF has filed a redacted copy of the Subpoena (Ex. 1) and Rapidus's objections and responses thereto (Ex. 2). GF is amenable to providing unredacted versions, and Rapidus consents thereto, but GF respectfully submits that they are unnecessary to resolve this unopposed motion to transfer.

consent of the subpoenaed party."). In fact, "Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where," as here, "the nonpart[y] subject to the subpoena consent[s] to the transfer." *Mirza et al. v. Yelp, Inc.*, No. 21-mc-80077, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021).

Second, although the parties' consent alone is sufficient to grant this motion, exceptional circumstances also exist warranting transfer to the Southern District of New York. FED. R. CIV. P. 45(f). The Southern District of New York is already adjudicating numerous discovery disputes between the parties to the underlying action that will bear on the resolution of the disputes at issue here, including GF's separate subpoena to non-party Intel Corporation ("Intel"). And, when transferring GF's subpoena to non-party Intel[3] to the Southern District of New York, the Northern District of California found that (1) "the subpoena is based upon key definitions which appear to be at best unsettled in the underlying action," (2) there are "critical overlaps between discovery in the underlying action and [the Intel subpoena] discovery dispute," (3) compliance will benefit from the context of the "numerous discovery disputes and rulings reflected on the docket of the underlying action," and (4) transfer would help "avoid inconsistent rulings." *In re Subpoena to Intel Corp.*, No. 23-mc-80292-SVK, Dkt. No. 50-2 at 2-3 (Ex. 3) (N.D. Cal. Nov. 3, 2023). Here, too, "exceptional circumstances" exist warranting transfer to the Southern District of New York. FED. R. CIV. P. 45(f).

Accordingly, pursuant to party consent or, alternatively, the exceptional circumstances that exist, GF requests that the Court transfer this miscellaneous case to the Southern District of New York, and Rapidus consents as described above.

---

[3] GF alleges that both non-party Intel and non-party Rapidus received GF's trade secrets from IBM.

3

| | |
|---|---|
| Dated: May 24, 2024 | Respectfully submitted,<br><br>*/s/ Meridith A. Cusick*<br><br>Meredith A. Cusick (No. 705282)<br>**LATHAM & WATKINS LLP**<br>*meredith.cusick@lw.com*<br>1271 Avenue of the Americas<br>New York, New York 10020-1401<br>Telephone: +1.212.906.1200<br><br>*Attorneys for GlobalFoundries US, Inc.* |